UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BOBBY ROY DENNIS,

    Petitioner,

v.                              Case No. 3:22-cv-423-MMH-SJH

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Bobby Roy Dennis, an inmate of the Florida penal system, initiated this action on April 11, 2022,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). In the Petition, Dennis challenges a 2016 state court (Duval County, Florida) judgment of conviction for attempted second-degree murder, attempted armed robbery while wearing a mask or hood, and possession of a firearm by a convicted felon. He raises eight grounds for relief. See Petition at 4–18.[2] Respondents have submitted a memorandum in opposition to the Petition, arguing that the action is untimely.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

See Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Response; Doc. 6). They also submitted exhibits. See Docs. 6-1 through 6-19. Dennis did not file a brief in reply, and briefing closed on September 15, 2023. See Order (Doc. 12). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Dennis has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). <u>See generally</u> Response. The following procedural history is relevant to the one-year limitations issue. On February 22, 2016, the State of Florida charged Dennis by fourth amended information with attempted second-degree murder (count one), attempted armed robbery while wearing a mask or hood (count two), and possession of a firearm by a convicted felon (count three). Doc. 6-1 at 62–64. Dennis proceeded to a jury trial, and on February 23, 2016, a jury found him guilty on all counts. <u>Id.</u> at 66–69. On March 22, 2016, the circuit court sentenced Dennis to life in

prison for counts one and two and to a thirty-year term of imprisonment for count three. Id. at 104–12. The First District Court of Appeal (First DCA) per curiam affirmed the convictions and sentences without a written opinion on January 19, 2017, Doc. 6-7 at 2, and it issued the mandate on February 6, 2017, Doc. 6-8 at 2.

As Dennis's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, see Fla. R. App. P. 9.030(a)(2), Dennis's convictions and sentences became final when the time for filing a petition for certiorari review in the United States Supreme Court expired. See Chamblee v. Florida, 905 F.3d 1192, 1198 (11th Cir. 2018). The time for Dennis to file a petition for writ of certiorari expired on Wednesday, April 19, 2017 (ninety days after January 19, 2017). See Chavers v. Sec'y, Fla. Dep't of Corr., 468 F.3d 1273, 1275 (11th Cir. 2006) (affording the 90-day grace period to a Florida petitioner whose conviction was affirmed by a court of appeal in an unelaborated per curiam decision). Accordingly, Dennis had until April 19, 2018, to file a federal habeas petition. He did not file his Petition until April 11, 2022. Therefore, the Petition is due to be dismissed as untimely

unless he can avail himself of the statutory provisions which extend or toll the limitations period.

Dennis immediately tolled the one-year limitations period on March 16, 2017, when he filed a motion to reduce or modify his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). Doc. 6-9 at 2–20; see also Rogers v. Sec'y, Dep't of Corr., 855 F.3d 1274, 1278–79 (11th Cir. 2017) (holding a Rule 3.800(c) motion tolls the limitations period for a federal habeas petition). The circuit court denied relief on June 21, 2017. Doc. 6-10 at 2. The circuit court's order was not appealable. See Davis v. State, 745 So. 2d 499, 499 (Fla. 1st DCA 1999) ("A trial court's order denying, on the merits, a Florida Rule of Criminal Procedure 3.800(c) motion to mitigate sentence is not appealable.").

The limitations period began to run the next day, June 22, 2017, and ran for 132 days until November 1, 2017, when Dennis filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel. Doc. 6-11 at 2–10. Unpersuaded, the First DCA denied his petition on the merits on December 5, 2017. Doc. 6-12 at 2.

The one-year limitations period began to run again on December 6, 2017, and ran for 77 days until February 21, 2018, when Dennis filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850.

Doc. 6-13 at 5–12. On January 5, 2021, the circuit court denied relief. Id. at 26–39. The First DCA per curiam affirmed the circuit court's denial without issuing a written opinion on March 19, 2021, Doc. 6-16 at 2–3, and issued the mandate on May 28, 2021, Doc. 6-19 at 2. The one-year limitations period began to run the next day, May 29, 2021. The period ran for 156 days until it expired on Monday, November 1, 2021.[3] Dennis filed the instant Petition on April 11, 2022. Given the record, Dennis's Petition is untimely filed and due to be dismissed unless he can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and

---

[3] The limitations period expired on Sunday, October 31, 2021; therefore, the period continued to run until Monday, November 1, 2021. See Fed. R. Civ. P. 6(a)(1)(C).

citation omitted); Thomas v. Att'y Gen., 992 F.3d 1162, 1179 (11th Cir. 2021). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Thomas, 992 F.3d at 1179 (quotations and citation omitted). The burden is on Dennis to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). In this case, Dennis has not met his burden of showing that equitable tolling is warranted. Because he has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is untimely. As such, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### IV. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Dennis seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Dennis "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now **ORDERED:**

1. Respondents' request to dismiss (Doc. 6) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Dennis appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of April, 2025.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/25
c:   Bobby Roy Dennis, #282060
     Counsel of record